**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAHGEAM I. JENKINS, :  Petitioner,  :  v.  :  GREG BARTKOWSKI, et al., :  Respondents. : | Civil Action No. 10-4972 (MLC)  **O P I N I O N** |

**COOPER, District Judge**

On or about September 27, 2010, petitioner, Rahgeam I. Jenkins, filed this petition for a writ of habeas corpus, in which he challenges his 1998 New Jersey state court conviction. See 28 U.S.C. § 2254.  On or about November 1, 2011, Jenkins moved for discovery, forensic examination of fingerprint evidence, appointment of counsel, and a stay of his sentence. (Docket entry no. 12.)  The motion will be denied.

                              **BACKGROUND**

Jenkins seeks production of certain discoverable materials and to have an independent examination of fingerprint evidence in his state criminal case.  His discovery request is very broad, seeking all documents in possession of his trial counsel and his pretrial investigator, as well as reports from numerous state witnesses, namely, Officer Richard Otto, Detective Robert Dikun, Detective Patrick McIntyre, Sergeant Steve Bauman, and Detective Analysts Phil Coddington and Richard Schwartz.  Jenkins also seeks

"full disclosure" of fingerprints developed on an envelope at issue and all relevant evidence.  Jenkins contends that he needs this discovery because he believes that the fingerprint evidence was fabricated and his trial counsel's representation may have been ineffective.  Jenkins admits that he has sought this evidence during his state post-conviction relief ("PCR") proceedings with respect to similar claims, but this request was denied.

Respondents oppose this part of the motion.  (Docket entry no. 14.)  Respondents point out that, at the state criminal trial, Jenkins took the position that the fingerprint evidence found on an envelope at the scene of the crime could have been placed there at any time other than during the commission of the crime.  Jenkins's position constituted an admission that the fingerprint on the envelope was his, and this admission was consistent with both the prosecution's forensic expert and Jenkins's own defense forensic expert.  Now, after reading an article published by the National Association of Criminal Defense Lawyers in 2003, Jenkins seeks to prove through forensic examination that the fingerprint was not his, and was the result of deliberate police manipulation of evidence.

Respondents also note that Jenkins's second PCR petition filed in 2003 claimed ineffective assistance of counsel for the failure to argue that police had fabricated fingerprint evidence against him.  This second PCR petition was denied as being

2

procedurally barred.  Respondents argue that, under these circumstances, Jenkins has failed to establish the good cause necessary to engage in discovery and to expand the record through forensic examination.

Jenkins also seeks appointment of counsel to help him advance his claim of police fabrication of fingerprint evidence. Further, Jenkins seeks to have his state sentence stayed. Respondents argue that Jenkins has previously litigated the issue of the alleged illegality of his sentence in state court proceedings to correct his sentence.  The state court denied the motion to correct the sentence.

## DISCUSSION

**A.   Discovery and Independent Fingerprint Evidence**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts ("§ 2254 Rules") provides that, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Similarly, Rule 7(a) of the § 2254 Rules provides that, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 6(b) provides that, "A party requesting discovery must provide reasons for the request."

3

Under the "good cause" standard of the § 2254 Rules, a district court may grant leave to conduct discovery in habeas proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief'". Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

The answer and record provided by respondents here show that it is unlikely that Jenkins will be able to demonstrate that he is entitled to relief. It would appear from the state court record that Jenkins raised these claims concerning fabrication of fingerprint evidence and ineffective assistance of trial counsel during his state PCR proceedings, and that these claims were rejected as procedurally barred. Moreover, his requests for discovery are so overbroad as to be construed as a fishing expedition. Under these circumstances, this Court finds that Jenkins has not demonstrated good cause for the broad discovery request or for forensic examination of fingerprint evidence, as it does not appear that such discovery will demonstrate that he will be entitled to relief on his habeas claims. Furthermore, Jenkins's arguments in support of this part of the motion simply rehash arguments presented in his habeas petition, and as such will be addressed when the petition is addressed on the merits. Therefore, the part of the motion seeking discovery and forensic examination of fingerprint evidence will be denied.

4

## B.     Appointment of Counsel

There is no Sixth Amendment right to appointment of counsel in habeas proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (holding there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding.").

Counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether a petitioner has presented a meritorious claim.  See Biggins v. Snyder, No. 99-188, 2001 WL 125337, at *3 (D.Del. Feb. 8, 2001) (citing Reese, 946 F.2d at 263-64).  Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present claims and investigate facts.  See Biggins, 2001 WL 125337, at *3 (citing Reese, 946 F.2d at 264); Parham, 126 F.3d at 457-58; Tabron v.

---

[1] 28 U.S.C. § 1915(e)(1) also provides that a court may "request an attorney to represent any person unable to afford counsel."

5

Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).  "Where these issues are straightforward and capable of resolution on the record, or when the petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, the court would not abuse its discretion in declining to appoint counsel."  Biggins, 2001 WL 125337, at *3 (citations and quotations omitted); see Paul v. Att'y Gen. of N.J., No. 91-3258, 1992 WL 184358, at *1 (D.N.J. July 10, 1992) (stating factors considered in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

The Court must first determine here if Jenkins states non-frivolous, meritorious claims.  In the petition, Jenkins challenges his New Jersey state court conviction on numerous grounds, including a claim that he was denied his right to effective assistance of counsel.  From the face of the petition, Jenkins's contentions do not appear to be frivolous, and may or may not have merit.

The Court must next examine whether the appointment of counsel will benefit the Court and Jenkins.  This case seems to be fairly "straightforward and capable of resolution on the record."  Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990).  Jenkins has shown that he is capable of proceeding pro se, as he

6

has filed several applications with this Court, and his petition and traverse are articulate, well-reasoned, and show a competent understanding of the relevant legal issues.  Also, because he is convicted, Jenkins has access to the prison law library, and is able to investigate the law.  See Jones v. Kearney, No. 99-834, 2000 WL 1876433, at *2 (D.Del. Dec. 15, 2000) (wherein court reviewed similar record and held "these actions show that [petitioner] is capable of prosecuting his case without the assistance of counsel").  Thus, the mere fact of Jenkins's imprisonment does not inhibit his ability to represent himself here; indeed, he has filed competent pleadings and applications before this Court.  Jenkins's claims also are not complex and are capable of resolution on the record.

The Court will therefore deny the part of the motion seeking appointment of counsel, as it does not appear that the appointment of counsel would benefit either Jenkins or this Court.

**C.   Stay of Sentence**

This Court finds that Jenkins is not entitled to a stay of his sentence to "return to the law division to file a motion to correct [his] illegal sentence."  (Petitioner's Certification, p.7 at ¶14.)  Respondents correctly observe that Jenkins had previously litigated whether his state sentence was illegal under numerous state law grounds, and his claims were rejected by the state court.  Jenkins's repeated attempts to relitigate the issue

of his sentence on similar grounds is likely to be either procedurally barred or rejected for lack of merit.  Accordingly, the Court will deny this late attempt for a stay.

## CONCLUSION

For the reasons set forth above, the motion for discovery, forensic examination of fingerprint evidence, appointment of counsel, and a stay of sentence will be denied.  The Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    June 28, 2012

8