**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHGEAM I. JENKINS, | : |
| : Civil Action No. 10-4972 (MLC) |
| Petitioner, : |
| : **MEMORANDUM OPINION** |
| v. : |
| : |
| GREG BARTKOWSKI, et al., : |
| : |
| Respondents. : |

**COOPER, District Judge**

The pro se petitioner, Rahgeam I. Jenkins, moves for reconsideration of an Opinion and an Order, both entered June 28, 2012, denying his prior motion for discovery, forensic examination of fingerprint evidence, appointment of counsel, and a stay of his sentence. (Dkt. entry no. 23, Mot.; see dkt. entry no. 20, 6-28-12 Op.; dkt. entry no. 21, 6-28-12 Order.) The motion will be decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons stated below, Petitioner's motion will be denied.

**BACKGROUND**

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about September 27, 2010, in which he challenges his 1998 New Jersey state court conviction. Petitioner then moved for discovery, forensic examination of fingerprint evidence, appointment of counsel, and a stay of his

sentence. (Dkt. entry no. 12.) Specifically, Petitioner sought production of certain discoverable materials and to have an independent examination of fingerprint evidence in his state criminal case; he sought all documents in possession of his trial attorney and his pretrial investigator, as well as reports from state witnesses, i.e., Officer Richard Otto, Detective Robert Dikun, Detective Patrick McIntyre, Sergeant Steve Bauman, and Detective Analysts Phil Coddington and Richard Schwartz. Petitioner also requested "full disclosure" of fingerprints developed on the envelope at issue and all relevant evidence.

Petitioner argued that he believed that the fingerprint evidence was fabricated, and that his trial counsel's representation may have been ineffective. This evidence admittedly was requested during Petitioner's state post-conviction relief ("PCR") proceedings with respect to similar claims, but the state court denied his discovery requests.

Petitioner also requested appointment of counsel and a stay of his sentence, so that he could return to state court to file a second motion to correct an illegal sentence.

The Respondents opposed that motion on November 18, 2011, arguing that, at the state criminal trial, Petitioner had taken the position that the fingerprint evidence found on an envelope at the scene of the crime could have been placed there at any time other than during the commission of the crime. (Dkt. entry

2

no. 14.)  The Respondents further contended that Petitioner's position constituted an admission that the fingerprint on the envelope was his, and this admission was consistent with both the prosecution's forensic expert and Petitioner's own defense forensic expert.  But after reading an article published by the National Association of Criminal Defense Lawyers in 2003, Petitioner sought to prove through forensic examination that the fingerprint was not his but was the result of deliberate police manipulation of evidence.

   Respondents also note that Petitioner's second state PCR petition filed in 2003 claimed ineffective assistance of counsel for failing to argue that police had fabricated fingerprint evidence against him.  This second state PCR petition was denied under the procedural bar of N.J.Civ.R. 3:22-5.  The Respondents argued that, under these circumstances, Petitioner had failed to establish the good cause necessary to engage in discovery and to expand the record through forensic examination.

   Petitioner also sought appointment of counsel to help him advance this claim of police fabrication of fingerprint evidence.  Further, Petitioner asked to have his state sentence stayed.  The Respondents argued that Petitioner had previously litigated this issue of the alleged illegality of his sentence in state court proceedings to correct his sentence.  The motion to correct the sentence was denied by the state court.

3

This Court denied Petitioner's motion for discovery and forensic examination of fingerprint evidence. (6-28-12 Op.; 6-28-12 Order.) Relying on Rule 6(a) of the Rules Governing Section 2254 Cases in United States District Courts ("§ 2254 Rules"), this Court found that Petitioner's requests for discovery were so overbroad as to be construed as a fishing expedition.[1]  Further, this Court found that Petitioner had not demonstrated good cause for the broad discovery request or for forensic examination of fingerprint evidence, as it was unclear that he would be entitled to relief on his habeas claims.  This Court also concluded that the arguments in support of Petitioner's motion "simply rehash arguments presented in his habeas petition, and as such will be addressed when the petition

---

[1]  The stated in the June 28, 2012, Opinion:

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6(a) of the [§ 2254 Rules] provides that, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Similarly, Rule 7(a) of the § 2254 Rules provides that, "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 6(b) provides that, "A party requesting discovery must provide reasons for the request."

Under the "good cause" standard of the § 2254 Rules, a district court may grant leave to conduct discovery in habeas proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is ... entitled to relief'". Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

4

is addressed on the merits." (6-28-12 Op. at 4.) Therefore, Petitioner's motion for discovery and for forensic examination of fingerprint evidence was denied.

This Court also denied Petitioner's request for appointment of counsel because it did not appear, after examining the legal complexity of the case and his ability to present his claims and investigate facts, that the appointment of counsel would benefit either the Petitioner or this Court. See Biggins v. Snyder, No. 99-188, 2001 WL 125337, at *3 (D.Del. Feb. 8, 2001) (citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991)); see also Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993). Specifically, this Court found:

> This case seems to be fairly "straightforward and capable of resolution on the record." Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990). Jenkins has shown that he is capable of proceeding pro se, as he has filed several applications with this Court, and his petition and traverse are articulate, well-reasoned, and show a competent understanding of the relevant legal issues. Also, because he is convicted, Jenkins has access to the prison law library, and is able to investigate the law. See Jones v. Kearney, No. 99-834, 2000 WL 1876433, at *2 (D.Del. Dec. 15, 2000) (wherein court reviewed similar record and held "these actions show that [petitioner] is capable of prosecuting his case without the assistance of counsel"). Thus, the mere fact of Jenkins's imprisonment does not inhibit his ability to represent himself here; indeed, he has filed competent pleadings and applications before this Court. Jenkins's claims also are not complex and are capable of resolution on the record.

(6-28-12 Op. at 6-7.)

This Court also denied Petitioner's request for a stay of his sentence because Petitioner had previously litigated the issue that his state sentence was illegal under numerous state law grounds, and these claims were rejected by the state court. Thus, Petitioner's "repeated attempts to relitigate the issue of his sentence on similar grounds is likely to be either procedurally barred or rejected for lack of merit." (Id. at 7-8.)

Petitioner now moves for reconsideration. He states that he already filed a second motion to correct an illegal sentence with New Jersey Superior Court, Ocean County. An Assistant Deputy Public Defender ("ADPD") has been assigned to represent Petitioner in his state motion. On July 26, 2012, that ADPD wrote to Petitioner advising him that, as this Court has denied his motion for a stay of sentence, Petitioner is now prohibited from proceeding with his second state motion to correct an illegal sentence until this Court's ruling is vacated or overturned. (Dkt. entry no. 23-2, 7-26-12 Letter at 1.) Petitioner attaches the anticipated motion papers relating to his second request to correct an illegal sentence. A reading of Petitioner's anticipated second motion to correct an illegal sentence reveals the same argument raised in his first state motion to correct an illegal sentence, which was denied.

It does not appear that Petitioner seeks reconsideration of the part of the June 28, 2012, Order denying his requests for further discovery or appointment of counsel.

**ANALYSIS**

Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  A party may seek reconsideration of matters that the party believes the Court has overlooked when ruling on the original motion.  L.Civ.R. 7.1(i); see NL Indus., Inc. v. Commercial Union Ins., 935 F.Supp. 513, 515 (D.N.J. 1996); see also White v. City of Trenton, 848 F.Supp.2d 497, 500 (D.N.J. 2012) (Local Civil Rule 7.1(i) creates procedure by which party may ask court to take second look at decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by court in reaching prior decision). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F.Supp.2d at 612; see United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999) (court will grant motion for reconsideration only where prior decision has overlooked factual or legal issue that may alter the disposition of the matter).

The movant has the burden of demonstrating: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or

fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The standard is high, and reconsideration is to be granted sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).

A motion for reconsideration may address only those matters of fact or issues of law that were presented to, but not considered by, the Court in the course of making the decision at issue. See Student Pub. Interest Research Grp. v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the Court. Bowers, 130 F.Supp.2d at 613; Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F.Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. N.J. Air Nat'l Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, the Court should reject new evidence that was not presented when the Court made the contested decision. See Resorts Int'l, 830 F.Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v.

8

Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the Court's decision should be dealt with through the normal appellate process. Bowers, 130 F.Supp.2d at 612; see Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Indus., 935 F.Supp. at 516 ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998).

Petitioner does not allege here that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to grant the motion for reconsideration. Instead, Petitioner renews the same argument posited in his motion for a stay of sentence, and now adds the anticipated motion papers to be filed in state court for his second motion to correct an illegal sentence. A review of the anticipated state motion papers, and the brief filed in support of Petitioner's first motion to correct an illegal sentence in state court, shows that he is raising the same argument that was heard and denied by the state courts in his first motion to correct an illegal sentence. Thus, a renewed attempt to correct an illegal sentence in state court on the very same grounds

9

raised in the first motion will most likely be either procedurally barred or rejected again for lack of merit.

Petitioner's application for reconsideration, consequently, does not satisfy the threshold for granting reconsideration. Petitioner has not presented the Court with changes in controlling law, factual issues that were overlooked, newly-discovered evidence, or a clear error of law or fact necessitating a different ruling in order to prevent a manifest injustice. Petitioner's only recourse, if he disagrees with this Court's decision, should be through the normal appellate process.

## CONCLUSION

The Court will deny Petitioner's motion for reconsideration as being without merit. The Court will issue an appropriate order.

                                     s/ Mary L. Cooper
                                     **MARY L. COOPER**
                                     United States District Judge

Dated:  March 25, 2013