**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

:
RAHGEAM I. JENKINS,                    :
                                       :    CIVIL ACTION NO. 10-4972 (MLC)
        Petitioner,                    :
                                       :    **MEMORANDUM OPINION**
        v.                             :
                                       :
GREG BARTKOWSKI, et al.,               :
                                       :
        Defendants.                    :
_____:

    **PETITIONER, RAHGEAM I. JENKINS,** moves for discovery. (See

dkt. entry no. 30).  This motion is being considered on the

papers.  See Fed.R.Civ.P. 78; L.Civ.R. 78.1(b).

    1.  Petitioner has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 New

Jersey state court conviction.

    2.  Petitioner previously moved for discovery and forensic

examination of fingerprint evidence.  He also sought a stay of

this habeas action and appointment of counsel.  (See dkt. entry

no. 12.)  The Court denied that motion for discovery, finding

that Petitioner failed to show good cause for such discovery

pursuant to Rule 6 of the Rules Governing Section 2254 Cases in

the United States District Court ("Habeas Rules").  (See dkt.

entry nos. 20, 21.)  Specifically, the Court found that

Petitioner's discovery requests were overbroad and unlikely to show that Petitioner is entitled to relief on his habeas claims.

3.  Petitioner again seeks to obtain discovery that had been denied previously.  (<u>See</u> dkt. entry no. 30.)  In this motion, submitted by an inmate paralegal on Petitioner's behalf, Petitioner seems to argue that the delay by Respondents' counsel in producing the relevant state court record demonstrates good cause for Petitioner's renewed discovery requests.

4.  Habeas Rule 6 provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal rules of Civil Procedure [and a] party requesting discovery must provide reasons for the request."  28 U.S.C. § 2254 Rule 6(a), (b).  Where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-09 (1997) (quotations and citation omitted).  However, "[P]etitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence."  <u>Deputy v. Taylor</u>, 19 F.3d 1485, 1493 (3d Cir. 1994) (quotations and citation omitted). 1992).  "Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery

2

requests." <u>Mayberry v. Petsock</u>, 821 F.2d 179, 185 (3d Cir. 1987).

5. Petitioner here has not provided the Court with sufficient reasons that would justify his renewed discovery requests. Petitioner merely contends that he can show entitlement to habeas relief if his requests for discovery are fully developed. Moreover, Petitioner suggests that the State's delay in providing the record to the Court as directed is proof of the manipulation of fingerprint evidence and demonstrates good cause for Petitioner's persistent discovery demands.

6. The Court again finds that Petitioner's arguments do not demonstrate good cause for discovery as required under Habeas Rule 6. The Court also notes that any delay by Respondents in providing the relevant state court record (which has since been provided) is irrelevant because the evidence or discovery Petitioner seeks is not part of the state court record. Further, Petitioner mischaracterizes the Court's March 26, 2013 Order withdrawing the Court's earlier Opinion and Order both filed on March 25, 2013. (<u>See</u> dkt. entry no. 27.) While the earlier Opinion and Order were vacated, the Court simply issued a new Opinion and Order on March 26, 2013, correcting only typographical errors. (<u>See</u> dkt. entry nos. 28, 29.) The March 26, 2013 Opinion and Order did not change or discuss the

Court's prior ruling that had denied Petitioner's requests for discovery.

7. Petitioner's arguments do not demonstrate changed circumstances warranting the discovery sought. Thus, where the Court had denied Petitioner's requests for the same discovery previously, and Petitioner's current motion seeks the same or similar fingerprint evidence as previously denied, Petitioner's motion for discovery is denied on the same grounds as set forth in the Court's previous Opinion and Order. (See dkt. entry nos. 20, 21.) The Court will issue an appropriate order.

                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:  December 23, 2013